UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA P.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

Case No. C18-1221 RBL

ORDER REVERSING AND REMANDING DEFENDANT'S DENIAL OF BENEFITS

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Complaint (Dkt. 1) for review of the Commissioner of Social Security's denial of her application for disability insurance benefits. Plaintiff has severe impairments of degenerative disc disease of the spine, carpal tunnel syndrome, and obesity. Admin. Record ("AR") (Dkt. 5) at 18. Plaintiff applied for disability benefits on March 26, 2014 alleging a disability onset date of December 22, 2009. *See id.* at 75, 154-55.

Plaintiff's application was denied on initial review and on reconsideration. *Id.* at 75-83, 86-99. At Plaintiff's request, Administrative Law Judge ("ALJ") M.J. Adams held a hearing on Plaintiff's claims. *Id.* at 30-74. On July 25, 2016, ALJ Adams issued a decision finding Plaintiff not disabled and denying her claim for benefits. *Id.* at 16-24. The Appeals Council denied

review. *Id.* at 1-3. Plaintiff then sought review before this Court. *See* Compl.

Plaintiff argues that the ALJ erred in (a) rejecting Plaintiff's testimony, (b) evaluating the medical evidence, and (c) evaluating the vocational expert's testimony in connection with step five of the disability evaluation process. *See* Pl. Op. Br. (Dkt. 7) at 1. Plaintiff argues that the Court should remand this matter for an award of benefits. *Id.*

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A. The ALJ Harmfully Erred in Rejecting Plaintiff's Testimony

Plaintiff contends that the ALJ erred in rejecting her subjective symptom testimony. Pl. Op. Br. at 11-13. Plaintiff testified that she had difficulty sitting, standing, and walking for much time. *See* AR at 42-55, 183, 222. Plaintiff testified that she had difficulty lifting, carrying, and using her hands. *See id.* at 58, 183, 222. She testified that she took medication for anxiety and depression, but was not in mental health counseling. *Id.*

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective

medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because her medically determinable impairments could reasonably be expected to cause the symptoms she alleged. AR at 20.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Thomas*, 278 F.3d at 959). As long as substantial evidence supports the ALJ's decision, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was "not entirely consistent with the entire case record." AR at 20. The ALJ gave three reasons for discounting Plaintiff's testimony. First, the ALJ determined that Plaintiff's testimony was not consistent with the medical evidence. *Id.* at 20-21. Second, the ALJ determined that Plaintiff left her last job for non-disability-related reasons and had worked for a number of years before her alleged onset date despite the fact that her conditions existed throughout that time. *Id.* at 21. Third, Plaintiff's testimony was not consistent with her daily activities. *Id.* at 21.

The ALJ's first reason for rejecting Plaintiff's testimony fails. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must do more than summarize the medical evidence. The ALJ must explain how the medical evidence contradicts the Plaintiff's testimony. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). ALJ Adams described Plaintiff's overall treatment history, but never directly confronted how that contradicted Plaintiff's testimony. *See* AR at 20-21. And the ALJ's recitation of the medical evidence does not reveal any obvious contradictions. *See id.*

The ALJ's next reason for rejecting Plaintiff's symptom testimony also fails. An ALJ may consider the claimant's work history and the extent to which she was able to work with her impairments in evaluating the claimant's testimony. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). But the ALJ's conclusion must be supported by substantial evidence. *See Trevizo*, 871 F.3d at 674. The ALJ pointed out that Plaintiff reported significant back problems since 1998 but worked until the end of 2009. AR at 21, 1005. Plaintiff's back problems were only one aspect of her alleged impairments; she also alleged shoulder and neck issues, among other things. *See id.* at 328 (MRI showing rotator cuff tendinopathy), 686 (report of spinal diskectomies and foraminotomies). ALJ Adams's reasoning was incomplete and therefore inadequate.

The ALJ's third reason for rejecting Plaintiff's symptom testimony fails, as well. An ALJ may reasonably discount a claimant's symptom testimony when it is contradicted by the claimant's daily activities. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But "the mere

fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). The plaintiff's daily activities must contradict her testimony or reflect transferable work skills. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). ALJ Adams noted that Plaintiff did light cleaning, prepared meals, and ironed her husband's uniform. *See* AR at 21, 179-80, 218. But Plaintiff testified that she performed these activities at a minimum level, hardly contradicting her allegations of impairment. *See id.* at 179-80, 217-19. The ALJ did not reasonably interpret the evidence and erred in rejecting Plaintiff's testimony based on contradiction with her daily activities.

**B.    The ALJ Partially Erred in Evaluating the Medical Evidence**

Plaintiff contends that the ALJ erred in weighing the medical evidence. Pl. Op. Br. at 5-10. In particular, Plaintiff challenges the ALJ's evaluation of the opinions of examining doctor David "Pat" Jarvis, M.D., treating doctor Charles Chabal, M.D., and non-examining doctor Robert Hoskins, M.D. *See id.*

An ALJ must evaluate medical opinions differently based on the relationship between the doctor and patient.[1] *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To reject the opinions of a treating or examining doctor that are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31 (citing *Andrews*, 53 F.3d at 1042). The ALJ can satisfy this requirement

---

[1] The Commissioner issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and is thus still controlled by 20 C.F.R. § 404.1527.

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 5

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

1. <u>The ALJ Did Not Harmfully Err in Rejecting Dr. Jarvis's Opinions</u>

Dr. Jarvis performed a psychiatric evaluation on December 16, 2014. AR at 1004-11. Dr. Jarvis opined that Plaintiff had possible limitations due to her chronic pain, which were beyond the scope of Dr. Jarvis's evaluation. *Id.* at 1010. Dr. Jarvis opined that Plaintiff had "[n]o mental limitations . . . that would create more than moderate limitations with respect to employment." *Id.*

The ALJ gave little weight to Dr. Jarvis's opinions. *Id.* at 21-22. The ALJ reasoned that Dr. Jarvis "provided no functional limitations of the claimant's abilities" and "his opinion is inconsistent with his finding that the claimant had no mental health impairment." *Id.*

Plaintiff has failed to show that the ALJ harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). The ALJ reasonably noted that Dr. Jarvis did not include any functional limitations in his opinion. *See* AR at 21-22, 1010. In fact, Dr. Jarvis did not explicitly opine that Plaintiff had any work limitations, indicating instead that her functional abilities were intact. *See id.* at 1008-10.

Plaintiff indirectly argues that the ALJ erred at step two by finding that Plaintiff had no medically determinable severe mental impairment based on Dr. Jarvis's opinions. Pl. Op. Br. at 7-8. At step two, the ALJ must determine if the claimant suffers from any severe medically

determinable impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment may only be considered medically determinable based on "objective medical abnormalities" shown by "acceptable clinical and laboratory diagnostic techniques." Social Security Ruling 96-4p, 1996 WL 374187, at *1 (July 2, 1996); *see Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005).

Plaintiff's argument fails. Dr. Jarvis found that Plaintiff did not have any diagnosable mental impairment. *See* AR at 1010. Although Dr. Jarvis indicated that Plaintiff reported situational anxiety and depression due to her chronic pain, Dr. Jarvis explicitly declined to opine on those conditions because Plaintiff's physical complaints were beyond the scope of the doctor's evaluation. *Id.* Moreover, the ALJ noted that Plaintiff did not receive specific mental health treatment or allege mental health difficulties. *Id.* at 18. Plaintiff has therefore failed to show that the ALJ erred in finding that Plaintiff did not have a severe medically determinable mental impairment.

2. The ALJ Harmfully Erred in Rejecting Dr. Chabal's Opinions

Dr. Chabal was Plaintiff's treating physician. *See id.* at 565-1003. He completed a residual functional capacity ("RFC") questionnaire on July 7, 2015, opining about Plaintiff's physical limitations. *Id.* at 1014-18. Dr. Chabal opined that due to neck and low back pain Plaintiff could only sit for two hours in a normal work day, and stand/walk for less than two hours. *Id.* at 1017. He opined that Plaintiff would need to be able to shift from sitting, standing, and walking at will. *Id.* Dr. Chabal opined that Plaintiff could lift less than ten pounds occasionally, and had postural limitations. *Id.* at 1017-18. Dr. Chabal indicated that Plaintiff had significant limitations in reaching, handling, or fingering, but did not specify the extent of those limitations. *Id.* at 1018.

The ALJ rejected Dr. Chabal's opinions, relying on his earlier discussion of the reasons to reject Plaintiff's testimony: "[Dr. Chabal's] opinion is inconsistent with the longitudinal treatment history, [Plaintiff's] performance on physical examinations, and her documented daily activities as set forth above." *Id.* at 22.

ALJ Adams erred in rejecting Dr. Chabal's opinions for the same reasons he erred in rejecting Plaintiff's symptom testimony. *See supra* Part II.A. The ALJ failed to adequately explain how Plaintiff's treatment history and her performance on physical examinations contradicted Dr. Chabal's opinions. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). The ALJ also failed to reasonably explain how Plaintiff's daily activities contradicted Dr. Chabal's opinions. *See id.* ALJ Adams therefore failed to give specific and legitimate reasons for rejecting Dr. Chabal's opinions, and harmfully erred. *See Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015).

### 3. The ALJ Did Not Harmfully Err in Accepting Dr. Hoskins's Opinions

Dr. Hoskins reviewed Plaintiff's medical records as part of the Social Security Administration's reconsideration of Plaintiff's application. AR at 86-99. Dr. Hoskins opined that Plaintiff had exertional, postural, manipulative, and environmental limitations. *Id.* at 94-96.

The ALJ gave Dr. Hoskins's opinions "great weight," because they were "consistent with the longitudinal treatment record and [Plaintiff's] documented daily activities." *Id.* at 21.

Plaintiff argues that the ALJ erred in giving great weight to Dr. Hoskins's opinions because the ALJ did not give a "meaningful evaluation of the opinion." Pl. Op. Br. at 10. An ALJ is not required to provide reasons for accepting a medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Plaintiff's argument fails and the ALJ did not harmfully err in accepting Dr. Hoskins's opinions.

## C. The Court Need Not Address Whether the ALJ Erred in Evaluating the Vocational Expert's Testimony at Step Five

Plaintiff contends that the ALJ erred at step five of the disability evaluation because the ALJ failed to resolve a dispute between the vocational expert's testimony and the *Dictionary of Occupational Titles*. Pl. Op. Br. at 2-5. Because the Court has found that the ALJ erred in evaluating the Plaintiff's symptom testimony and Dr. Chabal's opinions, the ALJ must redo step five. It is therefore unnecessary to decide whether the ALJ committed the error Plaintiff alleges.

## D. Scope of Remand

Plaintiff asks the Court to remand for an award of benefits. Pl. Op. Br. at 13-14. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 9

The first step of this framework has been met as the ALJ erred in evaluating Plaintiff's symptom testimony and Dr. Chabal's opinions. *See supra* Parts II.A, II.B.2. The second step, however, has not been met. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler*, 775 F.3d at 1103-04 (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). Plaintiff's testimony is not so definitive as to establish disability. Similarly, Dr. Chabal's opinions do not necessitate a finding of disability, particularly in light of other competing opinions, such as those of Dr. Jarvis and Dr. Hoskins. Further administrative proceedings are necessary to determine Plaintiff's disability status.

On remand, the ALJ must reevaluate Plaintiff's symptom testimony and Dr. Chabal's opinions. The ALJ must reevaluate steps four and five of the disability evaluation process, and conduct further proceedings as necessary to determine Plaintiff's disability status.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of May, 2019.

Ronald B. Leighton
United States District Judge